IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 36,975-03






EX PARTE DAN ERVIN MEADOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NUMBER 03-1-6760

IN THE 24TH DISTRICT COURT OF JACKSON COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Pursuant to a plea
agreement, Applicant pleaded guilty and was convicted of the offense of possession of less
than one gram of cocaine in a drug free zone. Punishment was assessed at four years'
confinement. No direct appeal was taken.

 Applicant contends that he received ineffective assistance of counsel because counsel
failed to investigate leases and deed restrictions to determine whether the offense occurred
in a drug free zone. Applicant asserts that if counsel had investigated the leases and deed
restrictions for the property in question, she would have learned that the property was not
owned or leased by a school or school district, thereby proving that the property was not a
drug free zone and the offense not subject to enhancement.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court may resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from trial counsel Julie Hale, or it may order a hearing. In the appropriate case the
trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel's performance was deficient for failing to investigate leases and deed
restrictions to determine whether the instant offense occurred in a drug free zone. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF March, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.